### ENGLE v BEATTY et

Ohio Appeals, 5th Dist, Fairfield Co

Decided September 24, 1931

George W. Vorys and L. G. Silbaugh, Lancaster, for plaintiff in error.

'C. A. Radcliffe and J. W. Deffenbaugh, Lancaster, for defendants in error.

SHERICK, PJ.

The case was submitted to the court without the intervention of a jury and resulted in a finding in favor of the defendants Beatty. The petition in error herein filed sets forth five grounds of error, but that upon which the main reason for a contrary finding in this court is predicated is the fourth ground of error, which is: "Said decision was rendered in favor of the defendants when it should have been rendered in favor of the plaintiff." It is in fact a charge that the finding is contrary to law and the manifest weight of the evidence.

The testimony in this case is voluminous, and from an examination thereof we arrive at certain facts which seem to settle the controversies between these parties. In the first place it is clear from the evidence that for a much longer period of time than twenty-one years prior to the year 1925 there existed on and between these two properties an old fence, and that prior to the erection of that fence a still older one existed upon the same line. The location of the old fence existing up to the year 1925 may be described as having been 39 feet and 4 inches east of the east line of lot 488. It appears that the old well referred to in the plaintiff's deed had been covered over and that none of the parties to this suit knew of its exact location. It further appears that the parties to this suit were disputing the exact location of the true line between these two parcels of land. To the end that the same might be settled, the plaintiff, in 1925, procured the services of the city engineer of Lancaster and caused a survey and location of the true line between the premises. It then appears from the record that the plaintiff and the defendant consulted and thereafter agreed that the new line as found by the city engineer should thereafter be considered as the true line between their respective lands, and that thereupon the plaintiff caused to be erected a new fence on the line as found and located by the city engineer, and that the defendant, when called upon, reimbursed the plaintiff for half the expense of the erection of the new fence.

It thereafter appears that some one discovered the location of the old well referred to in the deed descriptions, and it was found by measurement that the center line

of the well was 2½ feet east of the line found by the city engineer and agreed to by the parties. Thereupon this suit was commenced by the plaintiff under the theory that a mutual mistake had been made between the parties in interest as to the location of the true line between their respective premises, and by ejectment he seeks possession of this 2½-foot strip.

It is strenuously contended in this court by the plaintiff in error that the trial court improperly permitted the introduction of testimony on the part of defendants to the effect that the parties had agreed upon a new line between their properties, that these facts amounted to an estoppel, and that estoppel had not been plead by the defendants.

The petition in this case is drawn under favor of §11903 GC, and we note that it is therein recited: "It shall not be necessary to state how the plaintiff's estate or ownership is derived." It appeals to us that had the circumstances of these parties been revesed the plaintiff would have been able under the averments of his petition to have proved such an agreement as the defendants seem to have proved.

On the other hand, turning to §11904 GC, which prescribed, what the answer in an ejectment suit shall or may be, we find that it is provided in part: "In such action it shall be sufficient if in his answer the defendant denies generally the title alleged in the petition, or that he withholds the possession." True, the section further recites that the defendant may set forth in his answer other and further grounds of defense, counterclaim, and set-off, as in any other form of action, whether such are legal or equitable. It is the view of this court, however, that the word "may" as used in this section means "may" and not "must."

It appears to us that any testimony in an action in ejectment which tends to disprove the plaintiff's title or his right to possession of the premises claimed is proper testimony, and we do not believe it can be properly said that the matter of the agreement complained of in this instance is such new matter under the statute as should have been pleaded.

It appears in the case of **Kyser v Cannon, 29 Oh St 359,** that it was therein held that anything further than denying the plaintiff's title and right to possession, such as the statute of limitations and adverse possession, was merely surplusage and could have been stricken out properly upon motion. To the same effect we would direct attention to the case of **Rhodes v Gunn, 35 Oh St 387,** and also the case of **Wintermute v Montgomery, 11 Oh St 442.**

It is further suggested by the plaintiff in error that it is improper to fix a boundary line by parol, and that such an agreement as in this case came within the provisions of the Statute of Frauds (§8617 et seq GC.) and was not usable as a source of title. Turning to the case of **Bobo v Richmond, 25 Oh St 115,** we find that our Supreme Court used the following language applicable to that question. Therein the court said in the second paragraph of the syllabus: "The fixing of a boundary line by parol is not within the operation of the statute of frauds—no estate is thereby created; but where the boundary line is fixed by the parties, they hold up to it by virtue of their title-deeds, and not by virtue of the parol transfer."

It is therefore apparent that it is the law of this state that parties by agreement, in case of dispute as to the location of their actual boundary lines, may, by verbal agreement, agree upon and fix a true line as between the respective premises, and by virtue of their agreement they hold to the true line as fixed, not by virtue of their agreement, but by virtue of their title deeds.

The defendants in this case readily state that they do not base their right to the agreed line of 1925 on the principle of estoppel, but that they do assert that such is now the true line by virtue of agreement, and in support thereof our attention is directed to a class of cases, among which is the case of **Hills v Ludwig, 46 Oh St 373,** at page 380, 24 N. E. 596, 598. Therein the court said: "It is not essential that the disputed boundary line be incapable of ascertainment; but if it has become the subject of dispute and contention, and the parties, with the view to settle the dispute, agree upon and settle a line between their land, it is a finality, and cannot be disturbed, though they afterwards learn that the true line could have been found. Avery's Lessee v Baum's Heirs, Wright, 576; **Walker v Lessee of Devlin, 2 Oh St 593.**"

We note from an examination of this case that in that suit an agreement was pleaded as a defense, but under the authorities previously suggested we feel that it is equally true in the event that the agreement is not pleaded, for it controverts the plaintiff's title or right to possession.

Our attention was further drawn to the case of **McAfferty v. Conover's Lessee, 7 Oh St 99** at page 106, 70 Am. Dec. 57, wherein it was held: "There is another class of cases where the line between owners of land cannot with certainty be ascertained; and because uncertain, they agree upon and establish the line. Such agreement settles the line; not by estoppel, but by agreement."

It seems to us to be sensible and just that when property owners are disputing as to the actual position of their boundary line, and that pursuant thereto they agree upon a line, such agreement should be a finality between the parties as to the question, and it should not thereafter be the province of a court to disturb that agreement. Public policy rather demands that litigation thereafter should cease, and courts should be most reluctant to disturb such an agreement.

It is therefore the conclusion of this court that the plaintiff must fail, and it is our holding that the defendants have title to and are entitled to the possession up to the old line as it existed in the year 1925 by adverse possession, and that by virtue of the agreement of that year they are entitled to the possession of the 8-inch strip lying west of the old line as found by the city engineer and agreed to by the parties to this suit.

It is therefore the judgment of this court that this cause should be, and is hereby, affirmed.

LEMERT and MONTGOMERY, JJ, concur.