## SAMS et v BINDLEY

Ohio Appeals, 3rd Dist, Marion Co

No 841.  Decided Feb 14, 1936

Theo. B. Ochs, Marion, for plaintiffs in error.

J. W. Jacoby, Marion, for defendant in error.

## OPINION

By GUERNSEY, J.

The only error specified in the briefs of the plaintiffs in error filed herein, is that the finding and judgment of the court is against the manifest weight of all the evidence.

In the case of **Grall, Mayor v King, 14 Oh Ap, page 88,** it is held that a city is a necessary party to an error proceeding from a judgment of the Common Pleas Court reversing an order of a municipal civil service commission removing a chief of police. The reasoning in this opinion applies as well to an order of the Common Pleas Court reversing an order of a municipal civil service commission removing a fireman in the classified service. Consequently The City of Marion is a necessary and proper party to this error proceeding.

In the entry overruling the motions for new trial the City of Marion was treated and considered as the party making such motions, and by his approval of this entry by his attorney, the defendant in error is precluded and estopped from now asserting that said motions for a new trial were not made on behalf of said City of Marion, and consequently The City of Marion was entitled, if it so elected, to prosecute error from the overruling of said motions for a new trial.

The first ground of defendant in error's motion to dismiss the petition in error is therefore without merit.

We will next consider the second ground for dismissal, set forth in said motion.

In **2 Ohio Jurisprudence at pages 264 and 265,** it is stated that:

"It is a general principle of law that since the right to a review of findings and decisions on the weight of the evidence by error is statutory, the party seeking the review must conform to the statute giving the right. To do this he must have exhausted his remedy in the court below where the evidence was heard. The remedy in the trial court is never exhausted until the court has refused him a new trial

upon the motion assigning for cause that the finding is not supported by sufficient evidence or that it is contrary to the evidence." † * *

"The motion for new trial is necessary whether the trial is by the court or to a jury." * * *

This principle is supported by many cases including the case of **Insurance Company v McGookey, 33 Oh St 555, 562 and 563.**

Sec 12259 GC, governing proceedings in error provides that the petition in error shall set forth the errors complained of.

A petition in error, filed within the statutory period may be amended after the expiration of that period provided the amendment does not set forth a new and distinct allegation of error, or cause for reversal. but merely supplies a material allegation of fact affecting the jurisdiction of the case, not of the subject matter thereof, 2 O. J. 323.

Under the authorities mentioned, the right to a review of findings and decisions on the weight of the evidence is wholly contingent upon the party seeking such a review having moved for a new trial in the trial court upon a motion assigning for cause that the finding is not supported by sufficient evidence and the court having refused him a new trial upon such motion. It follows that as his right to review is wholly contingent upon the making and overruling of such a motion, that error in the overruling of a motion for a new trial on the weight of the evidence must not only be excepted to but must be assigned in the petition in error in order to entitle the party to a review of the finding and decision on the weight of the evidence.

Sec 12259, GC, above mentioned, requires that the petition in error set forth the errors complained of. In the case at bar there is no complaint of error by the court in overruling the motion for new trial, and consequently any error that may have intervened in the overruling of such motion is not a subject of adjudication by this court. Furthermore, the petition in error cannot be amended to supply an allegation of error in the overruling of the motion for new trial as such allegation would amount to a new and distinct allegation of error or cause for reversal affecting the subject matter of the proceeding in error.

This holding is in accordance with the general rule set forth in **3 C. J. page 1389,** "that matters assignable as grounds for new trial cannot be made the subject of an independent assignment of error in the re-

viewing court, but must be embraced in the motion for new trial and the action of the trial court in overruling the motion assigned as error, that all errors which are grounds for new trial and which are not specified in the motion for new trial are waived, and that, even though specified in the motion for new trial, such matters cannot be considered unless error is assigned to the action of the court in sustaining or overruling the motion."

We therefore arrive at the situation in the case at bar where the only error specified in the briefs of plaintiffs in error is an error which upon the record in this case is not a subject requiring consideration by this court. While technically this may not constitute a ground for dismissal of the petition in error, it does constitute ground for affirmance of the judgment of the lower court, and the motion to dismiss will therefore be treated as a motion to affirm the judgment of the Common Pleas Court, and the judgment, for the reasons mentioned, will be affirmed.

And the judgment will be affirmed for the further reason not comprehended by the motion to dismiss, that the briefs of the pla'ntiffs in error do not specify the issue or issues of fact claimed to be not sustained by sufficient evidence and do not specify by number all the pages of the bill of exceptions (and such pages only) containing the evidence tending to prove or disprove such issue or issues, as required by Supplemental Rule B adopted by this court January 31, 1934, for the consideration by this court of an assignment of error that the verdict, report or decision is against the weight of the evidence. This rule is as follows:

"As to all briefs filed after February 10. 1934, no assignment of error that the verdict report or decision is not sustained by sufficient evidence, namely that it is against the weight of the evidence, will be considered, unless plaintiff in error shall specify the issue or issues of fact claimed to be not sustained by sufficient evidence, and shall specify by number all the pages of the bill of exceptions (and such pages only), containing the evidence tending to prove or disprove such issue or issues; and when plaintiff in error shall have so specified such issue or issues and page numbers, defendant in error shall specify by number the pages, if any, of the bill of exceptions in addition to those specified by plaintiff in error, which defendant in error contends contain evidence tending to prove or disprove such issue or issues; and in consider-

ing such assignment of error, only such pages of the bill of exceptions will be considered, as are so specified in the briefs.

Where an assignment of error is that the verdict, report or decision, is not sustained by any evidence, such assignment will not be considered unless plaintiff in error shall point out such issue or issues of fact claimed to be not sustained by any evidence; and when plaintiff in error specifies such issue or issues, defendant in error shall specify by number the pages of the bill of exceptions claimed to contain evidence tending to prove such issue or issues, and the pages so specified shall be the only ones considered in passing on such assignment of error.

The foregoing rule shall also apply to briefs in criminal cases, in relation to the verdict.

Adopted January 31, 1934."

CROW, J, concurring in the reasoning and the judgment on one ground, and dissenting from the reasoning on the other ground.

One of the two reasons given in the foregoing opinion for affirmance of the judgment, namely that upon the only point urged in the brief of plaintiffs in error, Supplemental Rule B has not been observed, is wholly sound, and therefore sufficient for the disposal of the case.

The other of the two grounds need not, and therefore should not be decided, but the want of necessity is not so much to be deplored as is the mistake in decision.

This proceeding in error constitutes a new and independent action in which the initial step was the filing of a petition in error whose contents are prescribed by no statute other than §12259, GC, as a "setting forth the errors complained of."

It has been so many times held by the Supreme Court of Ohio that proceedings in error are remedial, and the statutes governing them must have liberal construction, as to make unnecessary a citation of the cases, a quotation in one of them, 111 Oh St 220, being substantially typical of the rule applied in all.

Well indeed can it be said also that the entire consensus of decisions on the subject is that the intention of the pleader, as in civil actions, is to be ascertained and effect given accordingly.

The decision of the majority in the instant case regarding the feature I am now discussing, rests wholly on the assumption that there is absent words of either precision or substance, from the petition in

error assigning as a ground of error, the overruling of the motiton for a new trial, notwithstanding the petition in error does in these words set forth "that the finding and judgment of the court is contrary to and against the manifest weight of all the evidence" and "that the finding and judgment of the court under the evidence and the law should have been in favor of plaintiffs in error and against defendant in error."

It has always been and still is true that in Ohio a reviewing court will not pass on the sufficiency (weight) of the evidence unless in the trial court a motion for a new trial be made on the ground of insufficient evidence, and the motion overruled, which were done in the instant case, and exceptions noted to the overruling as the statute then required.

What did the pleader in the petition in error intend to say when alleging the finding (decison) to have been contrary to and against the weight of all the evidence, unless it was to raise the question of insufficiency of the evidence? There is not one word to indicate any other intention.

The error if such it was, lies not in the overruling of the motion for a new trial, but in the decision of the facts by the trial court, and whether that decision is erroneous depends entirely on the evidence in the bill of exceptions, the weight of which would be for determination by this court. In other words, the alleged error was committed by the court in deciding the issues of fact, and only repeated when the motion for new trial was overruled.

In this assignment of error we think there is necessarily, in view of the fact that the motion for new trial on that ground was overruled, a clear implication that the court erred in overruling the motion.

The other assignment of error namely that under the evidence and the law the finding and judgment should have been for plaintiffs in error and against defendant in error, can be argued with much reason as raising the question of the sufficiency (weight) of the evidence.

The substance of such an assignment of error was before the Superior Court of Cincinnati, in 7 Ohio Decisions Reprint, 407, where the point was queried, but the court did weigh the evidence, though there was no assignment of error in the petition in error that the motion for a new trial had been overruled.

When the eminence of the judges who decided that case and of the counsel who appeared in it, is considered, the decision must be regarded unquestionable authority for the proposition that at least the assignment of error numbered 5 in the petition in error before us, quoted in the majority opinion in the case at bar, is not too vague for consideration, and we may properly assume the learned counsel for defendant in error here, to have taken the same view since they have not moved for the elimination of that ground from the pleading.

In jurisdictions where it is the practice of a reviewing court to search the record for errors regardless of whether they are specified in the brief of the complaining party, or where in advance of the filing of the brief under the rule in our appellate district which treats assignments of errors not specified in the brief, counsel for defendant in error would want to know the reason or reasons why it is claimed the judgment was pronounced for the wrong party, a motion would lie to make such allegation more certain and definite by stating the reason or reasons.

Where, as in the instant case a motion for a new trial containing the ground that the decision is not sustained by sufficient, or against the weight of the, evidence and the motion has been overruled, I would, were it not for the case in 33 Oh St 555, be inclined to the opinion that without the petition in error setting forth as a ground of error the overruling of the motion for new trial, the sufficiency (weight) of the evidence is raised by an assignment of error that the finding and judgment should have been for the party complaining of error, provided that in this appellate district the sufficiency of the evidence be properly presented by the brief of plaintiff in error, which has not been done in the instant case.

However the case last above cited did not deter the Court of Appeals of the fifth appellate district from deciding contradictorily without mention of the case. 41 Oh Ap 477 (11 Abs 597), 180 NE 269.

Nothing I have here said is intended to relate in any manner to procedure in either the trial court or a Court of Appeals after December 31, 1935.